UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Monique Jackson, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| National Credit Adjustors, LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Monique Jackson, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Monique Jackson ("Plaintiff"), is an adult individual residing in Hyattville, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, National Credit Adjustors, LLC ("National"), is a Kansas business entity with an address of 327 West 4th Street, Hutchinson, Kansas 67504, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by National and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. National at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. National Engages in Harassment and Abusive Tactics

12. National called the Plaintiff at least once per day in an attempt to collect the Debt with the intent to harass.

13. The Plaintiff told National that she has petitioned for bankruptcy, and requested

National to direct their calls to her attorney. National continued to call the Plaintiff.

14. National was rude and abusive when speaking to the Plaintiff.

15. National called the Plaintiff at her place of employment even though the Plaintiff told National that she cannot accept personal calls there.

16. National spoke to the Plaintiff's employer's human resources office and discussed the Debt.

17. National failed to notify the Plaintiff of her rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants

contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

36. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT**
**MD. CODE COMM. LAW § 14-201, et seq.**

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

40. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

41.     The Defendants contacted the Plaintiff's employer, without having received a final judgment from a court, in violation of MD. Code Comm. Law § 14-202(4).

42.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

43.     The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

44.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

48.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with rude phone calls to her home and place of employment after learning she was represented by an attorney, as well as contacting her employer and speaking of the Debt.

49.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial

burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

50. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);
6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
7. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and
8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 19, 2010

                              Respectfully submitted,

                              By  /s/ Forrest E. Mays

                              Forrest E. Mays (Bar No. 07510)
                              2341 N Forrest Drive, Suite 90
                              Annapolis, MD  21403
                              Telephone: (410) 267-6297
                              Facsimile: (410) 267-6234
                              Email: mayslaw@mac.com

                              Of Counsel To
                              LEMBERG & ASSOCIATES L.L.C.
                              A Connecticut Law Firm
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (877) 795-3666
                              ATTORNEYS FOR PLAINTIFF